UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

MILLER SEABROOKS,

            *Plaintiff,*

    -against-

ROBERT LEE BROWN, JR., EVANS
DELIVERY COMPANY and BUDGET
TRUCK RENTAL, INC.,

            *Defendants.*

------------------------------------------------------X

18 Civ. 10155 (PAC)

**<u>OPINION & ORDER</u>**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Miller Seabrooks sues Defendants Ronald Lee Brown and Evans Delivery Company for personal injuries arising from a truck accident that occurred in the Blue Ridge Mountains of Virginia on Interstate Highway I-81. Plaintiff also seeks a declaratory judgment, under 28 U.S.C. §§ 2201 and 2202, that he does not owe Defendant Budget Truck Rental Inc. for property damage and to compel disclosure of an insurance policy provided by Budget, which allegedly covers his medical expenses. Defendants Brown and Evans Delivery Company move to dismiss the complaint for lack of personal jurisdiction. Defendant Budget submitted a sworn declaration stating that it is not claiming property damage; and that the claim for medical expenses should be dismissed because it is subject to arbitration. The Court grants Defendants Brown and Evans Delivery's motion to dismiss for lack of personal jurisdiction; and the Court dismisses the remaining claim against Budget for lack of subject-matter jurisdiction.

## BACKGROUND

On July 26, 2018, Plaintiff Seabrooks was driving a rented Budget truck in Rockingham County, Virginia when he was knocked off Interstate Highway I-81 by a cargo container that came loose from Defendant Brown's truck. (Am. Compl. ¶ 8, 14, Dkt. 31.) Defendant Brown was an employee of Defendant Evans Delivery Company and was driving a truck belonging to Defendant Evans Delivery Company at the time of the accident. (*Id.* ¶ 10-11.) Plaintiff was injured when he was hit by the cargo container and was forced off the Interstate, Plaintiff sustained severe injuries. (*Id.* ¶ 15-16.)

Plaintiff Seabrooks resides in Yonkers, New York. (*Id.* ¶ 1.) Defendant Brown is a resident of Virginia. (*Id.* ¶ 2.) Evans Delivery Company is a company "duly organized and existing under the laws of the State of Indiana" and maintains its headquarters in Indiana. (*Id.* ¶ 3.) Evans Delivery has locations in New York and operates service centers in New York. (*See* Pl. Opp'n, Ex. A, Dkt. 37.) Defendant Budget Truck Rental Inc. ("Defendant Budget") is a company "duly organized and existing under the laws of the State of Delaware" and maintains its headquarters in New Jersey. (*Id.* ¶ 4.)

Plaintiff filed the instant action on November 8, 2018. (Dkt. 1.) Following a pre-motion conference, Plaintiff filed an Amended Complaint on February 11, 2019. (Dkt. 31.) On March 8, 2019, Defendants Brown and Evans Delivery moved to dismiss for lack of personal jurisdiction.[1] Plaintiff filed his opposition on March 20, 2019. (Dkt. 37.) Defendants Brown and Evans Delivery Company filed a reply on June 19, 2019. (Dkt. 49.)

Defendant Budget moved to dismiss under Rules 12(b)(6) and 12(c) on June 19, 2019.

---

[1] Although there was a problem with this ECF filing, Defendants Brown and Evans Delivery served hard copy briefs on the Court and provided copies to the parties in the instant action.

(Dkt. 48.) On June 27, 2019, Plaintiff filed his opposition to Budget's motion. (Dkt. 51.)

## DISCUSSION

### I. Legal Standards

Defendants Brown and Evans Delivery Company move to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Defendant Budget moves to dismiss pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

#### A. Rule 12(b)(2)

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that jurisdiction exists." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). A *prima facie* showing requires (1) procedurally proper service upon the defendant; (2) a statutory basis for personal jurisdiction; and (3) that "the exercise of personal jurisdiction ... comport[s] with constitutional due process principles." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012). Further, "[t]he pleadings and affidavits are to be considered in the light most favorable to the plaintiff." *A.C.K. Sports, Inc. v. Doug Wilson Enterprises, Inc.*, 661 F. Supp. 386, 390 (S.D.N.Y. 1987) (citations omitted).

#### B. Rule 12(b)(6) and Rule 12(c)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss pursuant to the Federal Rule of Civil Procedure 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," and construe the complaint in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

At any time after the pleadings close and before the trial commences, a party may move for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). A court may convert a motion for judgment on the pleadings into a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d).

## II. Analysis

### A. There is no personal jurisdiction over Defendants Brown and Evans Delivery Company

Plaintiff Seabrook has not made a *prima facie* showing of personal jurisdiction. Plaintiff has not pled any proper statutory basis for general or specific jurisdiction.[2] As explained below, it would violate due process for the Court to exercise general jurisdiction over the Defendants

---

[2] Plaintiff alleges that New York Vehicle and Traffic Law § 388 provides jurisdiction over the Defendants. Under that provision, a car owner is liable for an accident caused by the negligence of a permissive operator even if the owner himself or herself was not negligent. VTL § 388(1); *see Mowczan v. Bacon*, 703 N.E.2d 242, 243 (N.Y. 1998) (under VTL § 388, "the negligence of the user or operator of a motor vehicle is imputed to the owner"); *Williams v. Nik-Net LLC*, No. 12CV3310PKCRML, 2016 WL 11269180, at *3 (E.D.N.Y. Jan. 7, 2016). While New York Vehicle and Traffic Law § 388 *may* provide a *cause of action* for an accident occurring outside New York where the vehicle at issue was registered in New York, operated in New York, and was traveling to New York, the statute says nothing about personal jurisdiction and does not establish a basis for the Court to exercise personal jurisdiction over the Defendants. Although Plaintiff fails to allege a proper statutory basis in the Amended Complaint, the Court nevertheless considers the potential relevant bases for the exercise of general or specific jurisdiction under New York law. In assessing whether personal jurisdiction is authorized, "the court must look first to the long-arm statute of the forum state, in this instance New York." *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997).

because Brown is a Virginia resident, Evans Delivery is an Indiana corporation, the accident took place in Virginia, and there are no facts in the complaint establishing that Evans Delivery is "at home" in New York. *See Polaz v. Bowers Trucking, LLC*, No. 18CV527ARRSJB, 2018 WL 1413454, at *2 (E.D.N.Y. Mar. 20, 2018) (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 751, 754 (2014)). Further, New York's long-arm statute does not authorize specific jurisdiction in this case because the accident took place in Virginia and there are no factual allegations in the complaint showing that the cause of action arises from a business transaction in New York, or from property in New York. *Id.*

### 1. The exercise of general jurisdiction here would violate due process

New York's general jurisdiction statute allows a court to "exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." N.Y. C.P.L.R. § 301. In the case of individuals, general jurisdiction extends only to those domiciled in New York. *See, e.g., Keane v. Kamin*, 723 N.E.2d 553, 555 (1999). Brown is not a New York domiciliary; he resides in Virginia. (Am. Compl. ¶ 2.) Thus, there is no general jurisdiction over him. *See Polaz*, 2018 WL 1413454, at *3.

As for Evans Delivery, under the Fourteenth Amendment's Due Process Clause, general jurisdiction typically only lies in a corporation's place of incorporation and principal place of business—those places where "the corporation is fairly regarded as at home." *Daimler*, 134 S. Ct. at 751, 760 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). The question "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Id.* at 761 (alteration in original) (quoting *Goodyear*, 564 U.S. at 919). Thus, general

jurisdiction can be lawfully exercised over Evans Delivery only if it is "essentially at home" in New York.

But there are no allegations showing that Evans Delivery is "essentially at home" in New York. The Complaint alleges that Evans Delivery is an Indiana corporation. (Am. Compl. ¶ 3.) Plaintiff also alleges that Evans Delivery operates truck service centers in New York. (*See* Pl. Opp'n at 2, Dkt. 37.). Although this may be sufficient in certain circumstances to provide for the lawful exercise of specific jurisdiction over Evans Delivery, it is not sufficient to support general jurisdiction. *See Polaz*, 2018 WL 1413454, at *3.

### 2. There is no statutory basis for the exercise of specific jurisdiction here

New York's long-arm statute provides no basis for exercising specific jurisdiction over Brown or Evans Delivery. There are four grounds for specific jurisdiction:

> [A] court may exercise personal jurisdiction over any non-domiciliary...who in person or through an agent:
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within the state ...; or
> 3. commits a tortious act without the state causing injury to person or property within the state ... if he
>    (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>    (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302.

The second ground in the statute does not apply to this case: the tortious act took place in Virginia, not New York. The first ground for jurisdiction is not applicable either. New York courts evaluating specific jurisdiction under section 302(a)(1) look to both the language of the statute and the relation between the alleged conduct and the cause of action. *Best Van Lines, Inc.*

*v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 273 (1981)). New York courts have held that a claim "aris[es] from" a particular transaction when there is "some articulable nexus between the business transacted and the cause of action sued upon," *McGowan*, 52 N.Y.2d at 272, or when "there is a substantial relationship between the transaction and the claim asserted," *Kreutter v. McFadden Oil Corp.*, 522 N.E.2d 40 (1988) (internal citations omitted). Here, the Amended Complaint does not allege that Brown transacted business in New York. Plaintiff in his opposition, however, does allege that Evans Delivery operates services centers in New York. Even if the Court considered the activity pleaded in Plaintiff's Opposition, (Dkt. 37), no allegations suggest the vehicle accident at issue had anything to do with a business transaction in New York. There are no allegations that the accident occurred as Brown was driving to or from New York, or that the truck was registered in New York or originated in New York. Thus, there is no basis for specific jurisdiction under § 302(a)(1).

Section 302(a)(3) also does not allow for the exercise of specific jurisdiction in this case. "[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (alteration in original) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999)). "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by

the plaintiff." *Id.* (internal quotations omitted). Here, it is undisputed that the accident occurred in Virginia. Plaintiff's damages that occurred in New York are not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York. *See e.g., id.*

Finally, in support of exercising jurisdiction Plaintiff alleges in his opposition brief that Defendant Evans Delivery "owns, uses or possesses real property situated within" New York. (*See* Pl.'s Opp'n at 3.) Similar to personal jurisdiction requirements under section 302(a)(1), however, a plaintiff must demonstrate "a relationship between the property and the cause of action sued upon." *Lancaster v. Colonial Motor Freight Line, Inc.*, 581 N.Y.S.2d 283 (1st Dep't 1992) (concluding that the complaint failed to allege personal jurisdiction under Section 302(a)(4)). Even assuming that Defendant owns, uses or possesses real property in New York, Plaintiff fails to allege any relationship between Defendant's properties in New York and Plaintiff's vehicle accident. (*See infra.*) Thus, Evans Delivery's ownership or use of property in New York is not a fact sufficient to confer jurisdiction upon the Court under § 302(a)(4).

Accordingly, there is no personal jurisdiction; the Court GRANTS Defendants Brown and Evans Delivery's motion.

### B.    Claims against Defendant Budget pursuant to 28 U.S.C. §§ 2201 and 2202

Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 "for the purpose of determining a question of actual controversy between Plaintiff and Defendant Budget." (*See* Am. Compl. ¶ 6.) First, Plaintiff seeks a judicial declaration that he does not owe $61,479 to Budget as a result of the damage to the Budget rental vehicle (the "property damage claim"). Second, Plaintiff seeks to compel Budget to disclose the insurance policy, which allegedly covers his medical expenses, in the amount of $20,000, arising out of the accident and

seeks to recover those expenses (the "medical expenses claim").

Budget moves to dismiss Plaintiff's property damage claim on the grounds that it is not asserting a claim for property damage against Plaintiff.[3] Plaintiff has withdrawn his claim for property damage against Budget.[4] Thus, there is no controversy as it relates to the property damage claim. *See E.I. Dupont de Nemours & Co. v. Invista B.V.*, 473 F.3d 44, 47 (2d Cir. 2006).

The sole remaining issue is that Plaintiff seeks the insurance policy offered by Budget, which allegedly covers Plaintiff's medical expenses in the amount of $20,000. Budget argues Plaintiff's claim should be dismissed because it is subject to arbitration and Plaintiff has submitted a demand for arbitration. Plaintiff does not contest that the claim is subject to arbitration and submits that the medical expense claim has been referred to the American Association of Arbitration. Thus, the parties have agreed to arbitrate. *See Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002) ("There is a strong federal policy favoring arbitration as an alternative means of dispute resolution.") (quoting *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 76 (2d Cir. 1998)).

Furthermore, there is no basis for the Court to exercise subject-matter jurisdiction over the remaining medical expenses claim as the Complaint makes clear that the amount in

---

[3] Defendant Budget's motion is in the form of a sworn declaration. *See* Def. Budget Mot., Dkt. 48.

[4] Plaintiff withdrew his claims in his Opposition, which is in the form of a sworn affidavit. *See* Pl. Aff. In Opp'n ¶ 13, Dkt. 51.

controversy is only $20,000.[5] This is well short of satisfying the statutory amount of $75,000.[6]

Accordingly, the remaining claim for medical expenses is dismissed because it is already subject to arbitration and the Court lacks subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the allegations of the Complaint do not support the exercise of either general or specific jurisdiction. Defendants Brown and Evans Delivery Company's Rule 12(b)(2) motion to dismiss is therefore granted *without prejudice* to the re-filing of the complaint in a court where there is personal jurisdiction over the Defendants. Further for the reasons stated, the medical expense claim against Budget is dismissed for lack of subject-matter jurisdiction. The Clerk of the Court is requested to terminate the motion at Docket 48 and close the case.

Dated: New York, New York
October 24, 2019

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[5] The Declaratory Judgment Act did not expand the federal courts' subject matter jurisdiction and cannot serve as an independent form of jurisdiction where the court would otherwise lack jurisdiction. *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 66 (2d Cir. 2012). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

[6] Plaintiff alleged the Court had jurisdiction pursuant to 28 U.S.C. § 1332. (Am. Compl. ¶ 5.)